UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KATAJA, JR.,

        Petitioner,

v.                                                     Case Number: 11-CV-13125
                                                            Honorable Patrick J. Duggan

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION FOR STAY OF HABEAS CORPUS PETITION; (2) STAYING CASE WITH CONDITIONS; AND (3) DIRECTING THE CLERK TO CLOSE THIS CASE FOR ADMINISTRATIVE PURPOSES**

**I.  Introduction**

    David J. Kataja, Jr. ("Petitioner"), a state prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan, through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his 2008 convictions for one count of criminal sexual conduct second degree ("CSC II"), one count of attempted CSC II, and one count of furnishing alcohol to a minor.  The state trial court sentenced Petitioner to twenty-eight and one-half months to fifteen years in prison for the CSC II conviction, two to five years in prison for the attempted CSC II conviction, and sixty days in prison for the furnishing-alcohol conviction.

    Pending before the Court is Petitioner's motion to stay the proceedings, filed along with his habeas petition on July 19, 2011.  Petitioner filed this motion so that he can

return to state court to exhaust additional claims concerning the effectiveness of trial and appellate counsel, prosecutorial misconduct, evidentiary hearings, and his actual innocence. For the reasons set forth below, the Court grants Petitioner's motion and holds the petition in abeyance, with conditions, so that he may return to state court to exhaust those claims.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before filing a federal habeas corpus petition. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts possess the authority to issue stays while a habeas petitioner pursues state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275–76, 125 S. Ct. 1528, 1534 (2005). Stay and abeyance is permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277–78, 125 S. Ct. at 1535.

Here, the Court finds that there is no indication that Petitioner is engaging in intentional delay or abusive litigation tactics in requesting a stay. Furthermore, upon an

initial review of the substance of the unexhausted issues, it does not appear that Petitioner's unexhausted claims are "plainly meritless." Finally, even though Petitioner does not elaborate upon his counsel's alleged ineffectiveness in failing to raise the unexhausted claims at issue or any other "good cause" arguments, this Court is satisfied that the claim of ineffective assistance of counsel itself in conjunction with the substance of the unexhausted issues provides "good cause" to justify the issuance of a stay in these proceedings. For these reasons, the Court finds that Petitioner's basis for issuance of a stay comes within the realm of "good cause" under *Rhines*.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Stay of Habeas Corpus Petition" is **GRANTED**;

**IT IS FURTHER ORDERED**, that the proceedings in this case are **STAYED** pending Petitioner's exhaustion of his state court remedies provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this order and (2) Petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files a motion to lift the stay and to file an amended petition adding the exhausted claims.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a

3

dismissal or disposition of this matter.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

DATED: August 11, 2011

Copy to:

Neil C. Williston, Esq.
2581 Woodbourne Dr.
Waterford, MI 48329-3461